## GOODMAN v. THE STATE.

[No. 20,180.   Filed January 8, 1904.]

CRIMINAL LAW.—*Lost Affidavit and Information.—Substituted Pleadings. —Copy.*—Where the affidavit and information are lost and new ones substituted in place of the originals, as provided by §1746 Burns 1901, the new ones need not be copies. *pp. 629-631.*

SAME.—*Substitution of Lost Information.—Arraignment and Plea.*—Where a substituted information is filed in place of a lost one, no second arraignment of, or plea by, the accused is necessary. *p. 631.*

From Spencer Circuit Court; *E. M. Swan,* Judge.

George Goodman was convicted of assault and battery with intent to commit murder, and appeals. *Affirmed.*

*W. Z. Bennett* and *E. J. Crenshaw,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, W. C. Geake* and *L. G. Rothschild,* for State.

DOWLING, J.—An information, founded upon an affidavit, charging the appellant with an assault and battery with the felonious intent to commit murder, was filed by the prosecuting attorney in the Spencer Circuit Court. The appellant, who was already in custody under a commitment by a justice of the peace, waived arraignment, and pleaded "not guilty" to the felony charged. The cause was called for trial April 11, 1903, and at this point the record shows that the following proceedings took place: "Comes now the plaintiff, by Union W. Youngblood, prosecuting attorney; comes the defendant in person and by his attorney, Louis N. Savage; and this cause being called for trial at the time assigned therefor, on the suggestion of the parties herein that the affidavit and information are not present in court, the defendant's attorney, for him, waives the presence of the same, and agrees to hold the trial of this cause and proceed therewith as if said affidavit and information were present in court; and plaintiff thereupon files a substitute information and affidavit as

for lost affidavit and information herein, which affidavit and information are in the words and figures as follows." These pleadings are then fully set out in the record. The cause was thereupon submitted to the jury, and the trial resulted in a verdict of guilty of an assault and battery with the intent to commit manslaughter. Over motions for a new trial and in arrest, judgment was rendered upon the verdict.

The reasons for which a new trial was demanded were: "(1) That there was no written charge against the said defendant, the original papers having been lost, and no copy of same filed; (2) that the said defendant was never arrested or arraigned, or plea entered to the affidavit and information filed on the 11th day of April, 1903, and under which he was tried and found guilty on the 13th day of April, 1903." The grounds of the motion in arrest of the judgment were the same, in substance, as the reasons assigned for a new trial.

The errors relied upon for a reversal of the judgment on this appeal are the decisions of the court overruling these motions.

The effect of the express stipulation of the appellant, by his attorney, in his presence, in open court, that he waived the production of the affidavit and information, and agreed to be tried as if they were present, need not be considered. The information having been lost, the prosecuting attorney, notwithstanding the waiver by the appellant, filed another. This was all that the statute required. §1746 Burns 1901.

The trial then proceeded without objection on the part of the appellant. No question concerning the new information was made by motion or by plea in abatement, and none is made now, except that it is said that the second information was not a copy of the first. The law says nothing about a copy. But if it did, the substituted information would have been unobjectionable. The record

shows that it was a copy. The new information took the place of the original, which was lost. No second arraignment or plea was necessary. The appellant was tried upon the same charge to which he had already pleaded. *Schultz v. State,* 15 Tex. App. 258, 49 Am. Rep. 194; *Ganaway v. State,* 22 Ala. 772; *People v. McElvaine,* 125 N. Y. 596, 604, 605, 26 N. E. 929. The motions for a new trial and in arrest of judgment were properly overruled.

We find no error. Judgment affirmed.